IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Sep 14, 2011

IN RE:

**SVYATOSLAV VICTORICH
RESHETOV,**

Case No. 10-14183-M
Chapter 7

**Debtor.**

## MEMORANDUM OPINION

THIS MATTER was submitted to the Court on stipulated facts and briefs.  At issue is

whether the amount of the federal additional child tax credit refunded to the debtor and his wife for

tax year 2010 is exempt under Oklahoma law.  The Court holds that it is not.  The following findings

of fact and conclusions of law are made pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil

Procedure 52, which are made applicable to this contested matter by Bankruptcy Rule 9014.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is

proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28

U.S.C. § 157(a).   Disputes regarding the validity of a claimed exemption are core proceedings as

contemplated by 28 U.S.C. § 157(b)(2)(B).

### Burden of Proof

The burden of proof is upon the objecting party to show by a preponderance of the evidence

that the exemption at issue is not properly claimed.[1]  When determining whether a debtor is entitled

to exempt property, "the exemption laws are to be construed liberally in favor of exemption."[2]

---

[1]  *See* Fed. R. Bankr. P. 4003(c).  *See also In re Simpson*, 206 B.R. 230, 232 (Bankr. E.D. Okla. 1997).

[2]  *In re Lampe*, 331 F.3d 750, 754 (10th Cir. 2003) (quoting *In re Ginther*, 282 B.R. 16, 19 (Bankr. D. Kan. 2002)).  *See also Filtsch v. Curtis*, 234 P.2d 377, 380 (Okla. 1950)

**Findings of Fact**

On the basis of a Joint Stipulation of Facts filed by the parties on June 7, 2011,[3] and their subsequent briefs, the Court makes the following factual findings:

1.      On December 7, 2010, Svyatoslav Victorich Reshetov ("Debtor") filed his voluntary petition for Chapter 7 relief.

2.      Sidney K. Swinson ("Trustee") is the duly appointed Chapter 7 trustee of Debtor's bankruptcy case.

3.      Debtor is married to Natalia I. Reshetov ("Wife"), a homemaker with no separate income, and they have four minor children.

4.      Debtor and Wife filed a joint federal income tax return for the 2010 tax year and claimed an Earned Income Credit of $2,335, and an Additional Child Tax Credit of $3,822, which together with withheld taxes and a Making Work Pay Credit, created a refund in the amount of $7,609.[4]

5.      On March 28, 2011, Debtor filed amended Schedules B and C reporting the 2010 tax refund as an asset, and claiming the Earned Income Credit and Additional Child Tax Credit portions thereof as exempt.[5]

6.      Trustee agrees that the Earned Income Credit portion of Debtor's 2010 federal tax refund is exempt, but disputes Debtor's claimed exemption of the Additional Child Tax Credit

---

(exemption laws of this state are to be liberally construed in favor of the exemption).

[3]  *Docket No. 24.*

[4]  *Docket No. 27-8.*

[5]  *Docket No. 16.*

portion of the refund.[6]

7.      If exempt, the Additional Child Tax Credit portion of the 2010 federal tax refund

would be used for support of Debtor's minor children.

### Conclusions of Law

Pursuant to § 522 of the Bankruptcy Code, a debtor may exempt certain property from the

bankruptcy estate.  Oklahoma has chosen to opt out of the federal exemption scheme, limiting the

exemptions available in bankruptcy cases to those allowed under state law.[7]

The federal child tax credit, enacted by the Taxpayer Relief Act of 1997 and first effective

for tax year 1998, is codified in § 24 of the Internal Revenue Code ("I.R.C.").[8]  Generally speaking,

I.R.C. § 24(a) provides for a child tax credit in the amount of $1,000 for each dependent child of the

taxpayer who has not yet reached the age of 17 so long as the taxpayer does not exceed certain

income limitations.[9]  Although technically there is only one "child tax credit" authorized by § 24,

---

[6]  Based on the hypothetical single filing approach adopted in *In re Crowson*, 431 B.R. 484 (10th BAP Cir. 2010), Debtor originally took the position that only one-half of the value of the Additional Child Tax Credit was  property of his estate because the other one-half represented an interest of Wife who is not a co-debtor in the bankruptcy case.  However, in his Reply Brief, Debtor subsequently conceded that a calculation error had been made.  Debtor now admits that none of the Additional Child Tax Credit could be considered Wife's interest because she did not have any earned income during the tax year and the Additional Child Tax Credit is available only to taxpayers with earned income.  *See Docket No. 30* at 1.

[7]  *See* § 522(b)(1); *see also* Okla. Stat. Ann. tit. 31, § 1(B) (West 2010).

[8]  26 U.S.C. § 24 (West 2010).

[9]  Title 26 U.S.C. § 24(a) provides:

(a) Allowance of credit.--There shall be allowed as a credit against the tax imposed by this chapter for the taxable year with respect to each qualifying child of the taxpayer for which the taxpayer is allowed a deduction under section 151 an amount equal to $1,000.

there are two different components to the credit, which have become known as the "regular child tax credit" and the "additional child tax credit."

The "regular" portion of the child tax credit can only reduce a taxpayer's tax liability to zero and is not refundable.  On the other hand, in certain instances, a taxpayer may be entitled to claim the "additional child tax credit" ("ACTC"), which is refundable as if it were an overpayment of taxes.[10]  This typically occurs when a taxpayer has a low amount of income relative to the amount of deductions and exemptions, and thus his or her tax liability is very low.[11]  When this happens, the taxpayer cannot benefit from the full amount of the child tax credit even though he or she has qualifying children.[12]  Accordingly, the ACTC may come into play and cause a payment to the taxpayer in the same manner as the Earned Income Credit ("EIC").[13]

_Id._  The availability of the credit is subject to income limitations spelled out in I.R.C. § 24(b)(1)&(2).

[10]  26 U.S.C. § 24(d) (West 2010).

[11]  For example, in this case, after deductions and exemptions, Debtor and Wife had a tax liability of only $378, but a potential child tax credit of $4,000 (or $1,000 x 4 children).  _See Docket 27-8 at 1-2._

[12]  Here, Debtor and Wife had a tax liability of $378 and a retirement savings contribution credit of $200.  As a result, in order to reduce their tax liability to zero, they only needed to utilize (i.e., they only "benefitted from") $178 of their potential child tax credit of $4,000.  _See Docket 27-8 at 2._

[13]  In this case, the amount of the ACTC is $3,822 ($4,000 less $178).  In other cases, computation of the amount of the ACTC is complicated, and has a relationship to social security taxes paid and the amount of the EIC a taxpayer is claiming.  Regarding the portion of child tax credit that is refundable (i.e., the ACTC), I.R.C. § 24(d) provides as follows:

(1) In general.--The aggregate credits allowed to a taxpayer under subpart C shall be increased by the lesser of--

(A) the credit which would be allowed under this section without regard to this subsection and the limitation under section 26(a)(2)

4

In this case, Debtor claims that the ACTC portion of his 2010 federal tax refund ("ACTC Refund"), like the EIC portion of the refund, is exempt under Oklahoma law.  Debtor presents two theories for exemption of his ACTC Refund:  1) the ACTC constitutes child support within the meaning of the Oklahoma exemption statute; and/or 2) the ACTC is the equivalent of the EIC for purposes of the Oklahoma exemption statute.  The Court concludes that neither theory supports the Debtor's claimed exemption.

---

or subsection (b)(3), as the case may be, or

(B) the amount by which the aggregate amount of credits allowed by this subpart (determined without regard to this subsection) would increase if the limitation imposed by section 26(a)(2) or subsection (b)(3), as the case may be, were increased by the greater of--

    (i) 15 percent of so much of the taxpayer's earned income (within the meaning of section 32) which is taken into account in computing taxable income for the taxable year as exceeds $10,000, or

    (ii) in the case of a taxpayer with 3 or more qualifying children, the excess (if any) of--

        (I) the taxpayer's social security taxes for the taxable year, over

        (II) the credit allowed under section 32 for the taxable year.

The amount of the credit allowed under this subsection shall not be treated as a credit allowed under this subpart and shall reduce the amount of credit otherwise allowable under subsection (a) without regard to section 26(a)(2) or subsection (b)(3), as the case may be.  For purposes of subparagraph (B), any amount excluded from gross income by reason of section 112 shall be treated as earned income which is taken into account in computing taxable income for the taxable year.

The Oklahoma exemption statute provides in pertinent part as follows:

A.  Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

. . .

19.   Such person's right to receive alimony, support, separate maintenance or child support payments to the extent reasonably necessary for the support of such person and any dependent of such person;

. . .

23.  Any amount received pursuant to the federal earned income tax credit[.] [14]

Debtor argues his ACTC Refund is exempt as child support because:  1) "only persons with children can receive the ACTC credit;" and 2) the legislative history to the Child Tax Credit indicates "[t]he money received by the federal government will better recognize the financial responsibilities of raising dependent children, and will promote family values."[15]  While these are true statements, it does not necessarily follow that the ACTC Refund constitutes "child support" within the confines of the Oklahoma exemption statute.

Although "child support" is not defined in the exemption statute itself, the Oklahoma legislature has defined it for purposes of attachment and garnishment, as "all payments or other obligations due and owing to the person entitled by the obligor pursuant to a child support order."[16] In turn, "support order" is defined by the same statute as "an order for the payment of child support

---

[14]  Okla. Stat. Ann. tit. 31, § 1(A)(19), (23) (West 2010).

[15]  *Docket No. 27* at 8-9.

[16]  12 Okla. Stat. Ann. § 1170(A)(10) (West 2010).

issued by a district court or the Department of Human Services."[17]   No portion of a federal tax refund falls within this statutory definition of child support.

Additionally, in *Kirtley v. George*,[18] a case decided prior to the Oklahoma legislature's addition of an EIC refund to the exemption statute, the United States District Court for the Northern District of Oklahoma reversed a bankruptcy court's ruling that a tax refund attributable to the EIC was exempt as "alimony, support, separate maintenance or child support."   The District Court, employing a plain language analysis, held that "the phrase 'child support payments,' as understood in its ordinary sense, does not include payments received as the result of an Earned Income Credit."[19]   Further, the District Court opined

> [c]onsidering the context and giving the term its ordinary meaning, the statute indicates that the "support" payments being referred to are payments that arise out of and are awarded in the context of a domestic relations action.   "Only by wrenching the term 'support' wholly out of its statutory context is it possible to include federal earned income tax credits within its scope."[20]

The Court agrees with this analysis, as well as with Trustee's assertion that it is equally applicable in this case.[21]   Accordingly, Debtor's argument that the ACTC Refund constitutes child support as that term is used in the Oklahoma exemption statute must be rejected.

To support his second theory for exemption, i.e., the ACTC is the same as the EIC for

---

[17]   12 Okla. Stat. Ann. § 1170(A)(8) (West 2010).

[18]   1997 WL 33311019 (N.D. Okla. Aug. 7, 1997).

[19]   *Id.* at *4.

[20]   *Id.* at *5 (quoting *In re Fraire*, 1997 WL 45465, at *3 (D. Kan. Jan. 2, 1997)).

[21]   *See Docket No. 28* at 6.

7

exemption purposes, Debtor cites three cases:  *In re Law*,[22] *In re Krahn*,[23] and *In re Skougard*.[24]  As Debtor suggests, the courts in these cases did opine that the differences between the EIC and the ACTC are significant for tax purposes, but not for bankruptcy purposes.  However, the courts made such statements in significantly different contexts.  In both *Law* and *Krahn*, the Bankruptcy Appellate Panel for the Eighth Circuit Court of Appeals, and the Kansas bankruptcy court, respectively, made such a statement to support the conclusion that an ACTC refund must be included in the debtors' bankruptcy estate.  In *Skougard*, the Utah bankruptcy court made such a statement in determining the appropriate amount of the debtors' Chapter 13 plan payments.  Because they did not involve the issue of whether an ACTC refund is exempt, these cases are not applicable to the facts at bar.

Debtor's other line of reasoning for his conclusion that the "ACTC is the EIC" for exemption purposes is, generally speaking, that:  1) the statutory language of I.R.C. § 24(d) (which creates the ACTC) makes reference to I.R.C. § 32 (which creates the EIC); and 2) the calculation of the amount of the ACTC is sometimes related to the amount of the taxpayer's EIC.[25]  Although these are true statements,[26] it does not follow that the ACTC and the EIC are one and the same, even for the limited purposes of bankruptcy exemption.  The fact that a taxpayer may be entitled to an ACTC in addition to an EIC, both of which are refundable, does not mean that the ACTC is somehow

---

[22]  336 B.R. 780 (8th Cir. BAP 2006).

[23]  2009 WL 4907034 (Bankr. D. Kan. 2009).

[24]  438 B.R. 738 (Bankr. D. Utah 2010).

[25]  *Docket No. 30* at 4, 7-8.

[26]  *See* note 15, *supra*, for text of I.R.C. § 24(d).

8

subsumed by the EIC for purposes of Oklahoma's exemption statute.  As Trustee points out, while exemption statutes are to be construed liberally, courts are not free to depart from the express statutory language or to extend the legislative grant.[27]

Further, the Court notes that an ACTC refund is exempt, or potentially exempt, in only a small handful of jurisdictions.  First, three state legislatures have amended their statutes to specifically add the child tax credit to the list of exemptions–those in Colorado,[28] Maine,[29] and

---

[27] *Docket No. 28* at 7 (citing *Kirtley v. George*, 1997 WL 33311019 at*5 (N.D. Okla. Aug. 7, 1997)).

[28]  The Colorado exemption statute provides in pertinent part:

(1) The following property is exempt from levy and sale under writ of attachment or writ of execution:

. . .

     (o) The full amount of any federal or state income tax *refund attributed to* an earned income tax credit or a *child tax credit* [.]

Colo. Rev. Stat. § 13-54-102(1)(o) (West 2010) (emphasis added).

[29]  The Maine exemption statute provides in pertinent part:

The following property is exempt from attachment and execution, except to the extent that it has been fraudulently conveyed by the debtor.

     13. Disability benefits; pensions.  The debtor's right to receive the following:

          A. A social security benefit, unemployment compensation or a federal, state or local public assistance benefit, including, but not limited to, the federal earned income tax credit and *additional child tax credit*[.]

Me. Rev. Stat. Ann. tit. 14, § 4422.13.A (West 2010) (emphasis added).

9

Ohio.[30]  Second, an Illinois bankruptcy court has held that a debtor's ACTC was exempt because it is in the nature of a public assistance benefit as that term is used in the Illinois personal property exemption statute.[31]  Similarly, a Kentucky bankruptcy court has held that the ACTC may be exempt as public assistance, but only if the child or children to which it relates are "needy" as defined in Kentucky statutes.[32]  Thus, an ACTC refund is exempt only when a jurisdiction's statute specifically identifies it as exempt, or when a jurisdiction's express statutory exemption of public assistance benefits has been interpreted to include the ACTC.

In his reply brief, Debtor argues that "public policy favors the 'child support' exemption for ACTC."[33]  Perhaps it does, and perhaps that portion of a tax refund resulting from the ACTC should be exempt.  Implementation of public policy is the province of the legislative branch, not the role of the judiciary.  Accordingly, exemption of an ACTC refund is a decision for the Oklahoma

---

[30]  The Ohio exemption statute provides in pertinent part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(9) The person's interest in the following:

g)  *Payments under section 24* or 32 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended.

Ohio Rev. Code Ann. § 2329.66(A)(9)(g) (West 2010) (emphasis added).

[31]  *In re Koch*, 299 B.R. 523, 528 (Bankr. C.D. Ill. 2003) (construing 735 Ill. Comp. Stat. Ann. § 5/12-1001(g)(1)).

[32]  *In re Beltz*, 263 B.R. 525, 530 (Bankr. W.D. Ky. 2001) (construing Ky. Rev. Stat. Ann. §§ 205.010(3),(4), 205.220(3))("needy" child is one deprived of parental support and who does not otherwise have subsistence compatible with decency and health).

[33]  *Docket No. 30* at 2.

legislature, and not this Court, to make.

## Conclusion

Trustee's objection to Debtor's claimed exemption of the ACTC portion of his 2010 federal tax refund is SUSTAINED.  A separate judgment in accordance with this Memorandum Opinion is entered concurrently herewith.

Dated this 14th day of September, 2011.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

6192.2

11